UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-CV-80809-RAR

JAMES CURRY,

      Plaintiff,

vs.

B & B (WPB) LLC d/b/a THE BEAUTY &
THE BEEEEF – BURGER BAR, a Florida corporation,
and MARK MEISELS, individually,

      Defendants.
_____/

## UNOPPOSED MOTION TO APPROVE
## SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff, JAMES CURRY ("Plaintiff"), by and through counsel, hereby files this Unopposed Motion to the Court for Approval of the parties' Settlement of this matter, and dismissal with prejudice. Plaintiff' claims arise under the Fair Labor Standards Act ("FLSA") and therefore must be approved by the Court.

## ARGUMENT

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in either of two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353. In discussing the approval of FLSA settlements the Eleventh Circuit has noted

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

In the case at bar, Plaintiff sought minimum wages from the Defendants in the amount of $112.13, which was liquidated to $224.26. [D.E. #7]. While Defendants deny Plaintiff is owed any money, and that Plaintiff is not accurately tabulating his time worked, in a review of the records, if Plaintiff was to be owed anything, the most Plaintiff could recover would be $199.58. Defendants disputed any liability or damages sought by Plaintiff, however, to avoid further expenses given the relatively low amount at issue, the parties have reached a settlement that includes the full amount of potential damages to Plaintiff ($199.58), and the amount of attorney's fees for Plaintiff ($2,900.00) and costs ($500.00) (A copy of the settlement agreement is attached as Exhibit "A").

## **CONCLUSION**

WHEREFORE, Plaintiff, JAMES CURRY respectfully requests that this Court grant the instant motion and enter an Order approving the settlement and dismissing this action with prejudice as to all claims Plaintiff may have against B & B (WPB) LLC d/b/a THE BEAUTY & THE BEEEEF – BURGER BAR and MARK MEISELS with each party to bear their own attorneys' fees and costs, except as specified in the parties' settlement.

>Law Offices of Levy & Levy, P.A.
>1000 Sawgrass Corporate Parkway, Suite 588
>Sunrise, Florida  33323
>Telephone: (954) 763-5722
>Facsimile: (954) 763-5723
>Email: chad@levylevylaw.com
>Service Email: assistant@levylevylaw.com
>*Counsel for Plaintiff*
>
>*/s/ Chad Levy*
>CHAD E. LEVY, ESQ.
>F.B.N.: 0851701

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

>/s/ *Chad E. Levy*
>CHAD E. LEVY

## SERVICE LIST

Thomas M. Prestia, Esq.
Prestia|Holtz, P.A.
4343 10th Ave N., Suite 3
Lake Worth, FL 33461
Telephone: (561) 360-3785
Facsimile: (561) 952-0080
*Counsel for Defendants*