**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-80809-RAR**

**JAMES CURRY**,

    Plaintiff,

v.

**B & B (WPB) LLC,** *et al.*,

    Defendants.

_____/

**ORDER GRANTING IN PART MOTION FOR APPROVAL OF PARTIES'
<u>SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE</u>**

**THIS CAUSE** comes before the Court on the Plaintiff's Amended Motion for Approval of Settlement Agreement and Dismissal With Prejudice [ECF No. 17] ("Amended Motion"). On May 15, 2020, Plaintiff filed his Complaint [ECF No. 1], alleging Defendants failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"). *See generally* Compl. On August 21, 2020, Plaintiff filed his Unopposed Motion for Approval of Settlement Agreement and Dismissal with Prejudice [ECF No. 15]. The Court denied this Motion because the Settlement Agreement did not indicate an award of liquidated damages to Plaintiff, erroneously included a confidentiality provision, and did not establish the reasonableness of the attorneys' fees included therein. *See* Order Denying Plaintiff's Motion for Settlement Approval [ECF No. 16]. Insisting that he has rectified those errors, Plaintiff has now filed the Amended Motion, which includes the parties' amended agreement. *See* Ex. A to Amended Motion [ECF No. 17-1] ("Amended Agreement").

According to the Amended Agreement, the parties have agreed to resolve this dispute for $3,599.58, allocated as follows: $99.79 to Plaintiff as unpaid wages; $99.79 to Plaintiff as

liquidated damages; and $3,400 to Plaintiff's counsel for reasonable attorneys' fees and costs. Amended Agreement at ¶ 3. While the Amended Motion avers that "[t]he [Amended] Agreement does not contain a confidentiality clause," Amended Motion at 2, this is contradicted by the plain terms of the agreement, *see* Amended Agreement at ¶ 2 ("The Agreement . . . contains *terms of confidentiality* and non-disparagement, which are material terms of the Agreement.") (emphasis added).

## ANALYSIS

Before the Court can approve a settlement of FLSA claims, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354.

A proposed FLSA settlement agreement may also be rejected as "unreasonable" if it contains a confidentiality provision because it "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. Apr. 19, 2010); *see also Hicks v. Vortex Marine Construction, Inc.*, No. 16-1226, 2017 WL 2664361, at *5 (M.D. Fla. May 4, 2017) (citations omitted) ("Parties frequently include confidentiality provisions in their FLSA settlement agreements and those provisions are regularly rejected by the courts."). Moreover, an FLSA settlement agreement generally should not be sealed or reviewed *in camera* unless there is a compelling interest in secrecy. *Hicks*, 2017 WL 2664361 at *5 (citations omitted) (finding that reviewing an FLSA settlement agreement *in camera* "thwarts Congress' intent" and limits the public's access to an issue of "private-public character"); *see also Jessup v. Luther*, 277

F.3d 926, 929-30 (7th Cir. 2002) (finding that a settlement agreement requiring "input by a federal judge . . . is presumptively a public document").

Upon review of the record and the parties' documented basis for settlement of this FLSA case, including an award of attorneys' fees to Plaintiff's counsel, the Court finds that settlement of this action is fair and reasonable, and the requested fee is fair and reasonable and not grossly excessive. However, the Agreement's confidentiality provisions are unreasonable and cannot be included as part of the parties' Agreement.

## CONCLUSION

Based upon the foregoing analysis, as well as a review of the record and the parties' documented basis for settlement of the instant FLSA case, the Court can approve the Agreement in part. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion [ECF No. 17] is **GRANTED**.

2. The Amended Agreement [ECF No. 17-1], which has been duly filed as a record of the Court, is **APPROVED IN PART AND DENIED IN PART**. The confidentiality provisions detailed in paragraph 2 of the Agreement are hereby **STRICKEN**. All other remaining provisions of the Agreement are **APPROVED**.

3. The above-styled action is **DISMISSED** *with prejudice*.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of September, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**